IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAFAEL CORDANIEZ MILLIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-102 |
| | ) | (Formerly CR 107-167) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Yazoo City, Mississippi, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

**A.   Indictment and Agreement to Plead Guilty**

On December 13, 2007, the grand jury in the Southern District of Georgia returned a twenty-count indictment against Petitioner and five co-defendants. United States v. Milligan, CR 107-167, doc. no. 61 (S.D. Ga. Dec. 13, 2007) (hereinafter "CR 107-167"). The indictment named Petitioner in ten counts: (1) conspiracy to use and carry a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o) (Count One); (2) robbery of a

commercial business, in violation of 18 U.S.C § 1951 (Counts Two and Four); (3) hijacking of a motor vehicle, in violation of 18 U.S.C. § 2119 (Counts Twelve, Seventeen, Nineteen); and (4) using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three, Thirteen, Eighteen, Twenty).  Id.  The Court appointed attorney John J. Picher, II, under the Criminal Justice Act to represent Petitioner.  Id., doc. no. 59.

On March 12, 2008, Petitioner appeared with counsel and pled guilty to Counts Thirteen and Eighteen:  using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Id., doc. nos. 148, 150, 153.  Both the indictment and the written plea agreement delineated hijacking of a motor vehicle, as charged in Counts Twelve and Seventeen of the indictment, as the crimes of violence upon which Counts Thirteen and Eighteen were predicated.  Id., doc. nos. 61, 150.

In exchange for the guilty plea, the government agreed to (1) dismiss the remaining counts against Petitioner in the indictment; (2) not object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35.  Id., doc. no. 150.  For his part, Petitioner admitted the factual basis for his guilty pleas, and he agreed to cooperate with federal, state, and local authorities, to include providing full disclosure of all criminal activities of which he had knowledge and testifying to such at court proceedings.  Id.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, pursuant to U.S.S.G. § 2K2.4(b), the Guideline sentence for a first conviction under 18 U.S.C. § 924(c) is the minimum statutory term of imprisonment, which in this case is eighty-four months (seven years). PSI ¶¶ 29, 56. The sentence for a second conviction under § 924(c) is also the minimum statutory sentence of 300 months (twenty-five years). PSI ¶¶ 29, 56. Because Petitioner pled guilty to two § 924(c) counts, and the sentences must run consecutively, his total imprisonment term set forth in the PSI was 384 months. PSI ¶¶ 29, 56.

Petitioner did not raise any objections to the factual statements in the PSI. See PSI Add.; CR 107-167, doc. no. 222, Sent. Tr., p. 42. Granting Petitioner the benefit of the government's motion for downward departure under § 5K1.1, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on August 6, 2008, to a total term of imprisonment of 216 months: eighty-four months as to Count Thirteen and 300 months as to Count Eighteen, to be served consecutively. Sent. Tr., p. 49; CR 107-167, doc. nos. 183, 195, 199. Judgment entered on August 14, 2008. CR 107-167, doc. no. 199. Had Petitioner been convicted at trial of all charges made against him in the indictment, his advisory Guideline range would have been 324 to 405 months for the six, non-§ 924(c) counts, *plus* a term of eighty-two consecutive years for the four § 924(c) charges. PSI ¶ 56.

### C. Post-Conviction Proceedings

Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed

3

Petitioner's convictions and sentences on August 19, 2009. Id., doc. nos. 196, 207, 247. On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S._, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. Petitioner's instant § 2255 motion and supporting memorandum was signed on June 22, 2016, and filed by the Clerk of Court on June 29, 2016. Id., doc. nos. 314, 315. In his § 2255 papers, Petitioner seeks to have his two, § 924(c) convictions and sentences vacated. (See generally doc. nos. 1, 2.)

Petitioner argues his sentence should be vacated after Johnson "Because His Predicate Conspiracy To Commit Hobbs Act Robbery Offense Under 18 U.S.C. § 1951(a) No Longer Qualifies As A 'Crime of Violence' Under 18 U.S.C. § 924(c)'s Residual or Force Clause." (Doc. no. 2, p. 4.) In support of this theory, and relying primarily on case law outside of the Eleventh Circuit, Petitioner posits that conspiracy to commit Hobbs Act robbery can be committed without the use, attempted use, or threatened use of violent physical force, and therefore cannot serve as a predicate offense for his § 924(c) convictions. (Id. at 5-10.) Petitioner also argues the residual clause of § 924(c) is unconstitutionally vague. (Id. at 10-16.)

Respondent argues Petitioner's § 2255 motion should be denied because Johnson has no impact on Petitioner's convictions or sentences. (See generally doc. no. 4.) Petitioner's predicate crimes of violence for each count of conviction are carjacking, not "conspiracy to commit Hobbs Act robbery," and carjacking satisfies § 924(c)'s force clause. See id.

4

## II. DISCUSSION

### A. <u>Johnson</u> Invalidated the Residual Clause of the ACCA, Not 18 U.S.C. § 924(c)(3)(B).

As stated above, in <u>Johnson</u>, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. <u>Johnson</u>, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). <u>Johnson</u> did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. <u>Johnson</u>, 135 S. Ct. at 2563. Thus, after <u>Johnson</u> invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling within the "elements clause" of the ACCA, which defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." <u>Id.</u> § 924(e)(2)(B).

Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

    (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

  **B. Petitioner's Sentence Was Not Enhanced Under the ACCA, But Even if <u>Johnson</u> Applied to the Residual Clause of § 924(c), Petitioner Is Not Entitled to Relief.**

As explained *supra*, <u>Johnson</u> specifically ruled on § 924(e)(2)(B) of the ACCA, not § 924(c)(3)(B). Nevertheless, although the Eleventh Circuit has taken note of the differing language and statutory purpose of the ACCA and § 924(c), see <u>In re Colon</u>, 826 F.3d 1301, 1303-04 & n.2 (11th Cir. 2016), it considers the issue of whether <u>Johnson</u> applies to § 924(c)'s residual clause an open question. See <u>In re Hines</u>, 824 F.3d 1334, 1336-37 (11th Cir. 2016); <u>In re Pinder</u>, 824 F.3d 977, 978-79 (11th Cir. 2016). However, even if <u>Johnson</u> rendered unconstitutional the crime of violence definition in § 924(c)(3)(B), Petitioner's convictions would be valid under § 924(c)(3)(A)'s use-of-force requirement that the underlying felony offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." <u>In re Smith</u>, 829 F.3d 1276, 1280-81 (11th Cir. 2016).

Petitioner pled guilty to Counts Thirteen and Eighteen of the indictment - using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). CR 107-167, doc. nos. 61, 150. The crimes of violence for each count are specifically identified as the hijacking of a motor vehicle charged in Counts Twelve and

Seventeen, respectively, of the indictment. Id., doc. no. 61, pp. 9-10, 12-13; doc. no. 150, pp. 2, 5-9. Petitioner admitted his guilt as to Counts Thirteen and Eighteen and verified the facts of those two counts, including that he, "aided and abetted by others, did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence, that is, hijacking a motor vehicle," in violation of 18 U.S.C. §§ 2119 and 924(c)(1)(A)(ii). Id., doc. no. 150, pp. 7-8; see also id., doc. no. 219, Change of Plea Tr., pp. 8-11, 28-45.

Although the question of whether Johnson applies to § 924(c)'s residual clause is an open question, Petitioner's predicate offenses of hijacking a motor vehicle, in violation of 18 U.S.C. § 2119, qualify under the "use-of-force" clause of § 924(c), not the residual clause:

> Even assuming that Johnson invalidated § 924(c)'s residual clause, that conclusion would not assist [Petitioner] because the elements of the underlying conviction on which his § 924(c) conviction was based - carjacking, in violation of 18 U.S.C. § 2119 - meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense. . . . In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause and that ends the discussion.

In re Smith, 829 F.3d at 1280-81 (footnote omitted); see also United States v. Moore, 43 F.3d 568, 572-73 (11th Cir. 1994) ("The term 'crime of violence as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. 'Tak[ing] or attempt[ing] to take by force and violence or by intimidation," 18 U.S.C. § 2119, encompasses 'the use, attempted use, or threatened use of physical force. . . .'") Consequently, even if Johnson invalidates § 924(c)'s residual clause, the predicates upon which Petitioner's convictions are based – hijacking of a motor vehicle – qualify as a crime of violence under the use-of-force clause in § 924(c)(3)(A), and Petitioner is not entitled to the relief he seeks.

7

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA